884 F.2d 1388
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
EASTERN BAND OF CHEROKEE INDIANS; Rose M. McCoy,
Individually and on behalf of all other beneficiaries in the
class, David M. Swayney, Individually and on behalf of all
other beneficiaries in the class, Joseph E. Almond,
Individually and on behalf of all other beneficiaries in the
class, Plaintiffs-Appellants,
v.
CROWN LIFE INSURANCE COMPANY; Metropolitan Life Insurance
Company; Integon Life Insurance Corporation,
Defendants-Appellees.
 No. 88-1322.
 United States Court of Appeals, Fourth Circuit.
 Argued Jun. 7, 1989.
Decided Aug. 28, 1989.
 
 Ben Oshel Bridgers (Haire & Bridgers, P.A. on brief) for appellants.
 Amy K. Posner (William J. Toppeta, James M. Lenaghan on brief), George Lester Little, Jr. (Michael L. Robinson, William E. Wright, Petree, Stockton & Robinson on brief), Elizabeth McConnell Warren (John S. Stevens, Roberts, Stevens & Cogburn, P.A. on brief) for appellees.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Members of the Eastern Band of Cherokee Indians appeal a decision in which their federal claims under ERISA, 29 U.S.C. Sec. 1001 et seq., and their federal and state law claims of fraud, misrepresentation and unfair and deceptive acts or practices were dismissed against defendants Crown Life Insurance Company, Metropolitan Life Insurance Company, and Integon Life Insurance Corporation. We affirm the district court's dismissal with prejudice of the claims against Crown Life. We vacate and remand with directions to dismiss as non-justiciable the claims against the other defendants.
 
 
 2
 Plaintiffs alleged that in a 1981 Tribal Council meeting, convened to discuss alternative pension plans for Tribal members, defendants misrepresented to plaintiffs the nature of the Tribe's tax exempt status. They contend that Integon and Metropolitan sold Tribal employees contracts appropriate for a section 501(c)(3) organization, although the Tribe was actually a section 501(c)(4) organization under the Internal Revenue Code. Because these retirement plans were, in fact, not qualified, and will have to be rolled over into pension plans designed for a section 501(c)(4) organization, plaintiffs allege they are now subject both to possible prosecution from the IRS for underpayment of taxes and to potential financial loss when the plans are converted to a program appropriate for an organization of their tax status.
 
 
 3
 At the 1981 Tribal Council meeting, Crown Life also presented a policy appropriate for a section 501(c)(3) organization; however, none was purchased. In 1983, Crown Life was approached by the Tribe to present its life insurance programs. At that point, several Tribal employees purchased a Crown Life policy. There was never any representation, however, that the 1983 Crown Life plan would be a tax qualified plan.
 
 
 4
 Although one member of the Tribe was audited and assessed a tax deficiency of $69 on his 1981 federal income tax return in 1984, the losses alleged by appellants have yet to materialize. At this point, the Internal Revenue Service is time-barred from imposing any tax or penalty based on contributions to the Crown Life, Metropolitan, and Integon plans. The statute of limitations expired on April 15, 1985, on contributions made to the Integon plan. The limitations period expired on April 15, 1989 for contributions made to the Crown Life and Metropolitan plans.
 
 
 5
 Plaintiffs also argue that defendants' misrepresentations will result in a diminution of their future retirement benefits because they will be forced to rollover their funds to a plan structured for appropriate tax exempt status. Both parties stipulated at oral argument, however, that the plans could be exchanged without any tax consequences.
 
 
 6
 Because plaintiffs are, at this time, unable to state any cognizable injury as a result of the alleged misconduct of Metropolitan and Integon, we vacate the judgment of the district court and remand with directions to dismiss the claims against those two defendants for want of a justiciable case or controversy. No actionable violations of law have even been advanced against Crown Life. We therefore affirm the judgment of the district court dismissing with prejudice the action against this defendant.
 
 
 7
 AFFIRMED IN PART; VACATED AND REMANDED IN PART.